**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO ZUNIGA-LOZANO, | No. 20-73614 |
| Petitioner, | Agency No. A096-059-456 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2026**
San Francisco, California

Before: N.R. SMITH, NGUYEN, and SANCHEZ, Circuit Judges.

Guillermo Zuniga-Lozano, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") order denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

A due process violation occurs when the proceeding "was so fundamentally unfair" that a noncitizen was "prevented from reasonably presenting his case" and there was prejudice, "which means that the outcome of the proceeding may have been affected by the alleged violation." *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (quotation marks omitted).

Here, the IJ did not violate Zuniga-Lozano's due process rights. Although Zuniga-Lozano did list his wife, Maria, on his witness list, the IJ told Zuniga-Lozano several times that any witness had to submit declarations thirty days before the merits hearing. Even though Zuniga-Lozano submitted a declaration from his daughter, he did not submit one from Maria. The merits hearing was continued several times and took place almost two years after the IJ first instructed Zuniga-Lozano to submit a declaration for any witnesses. Because Zuniga-Lozano thus had ample time to submit Maria's declaration and did not, it was not "fundamentally unfair" for the IJ to exclude Maria's testimony. *See id.*

Even if the IJ erred, Zuniga-Lozano did not demonstrate any prejudice due to the exclusion of Maria's testimony. The basis for Zuniga-Lozano's cancellation application was that his removal would result in hardship to his daughter. Although Maria could have testified about any hardship to their daughter, their daughter testified at the merits hearing and was found credible. The exclusion of Maria's testimony therefore did not "prevent the introduction of significant

2

testimony." *See Cinapian v. Holder*, 567 F.3d 1067, 1074 (9th Cir. 2009). Indeed, Zuniga-Lozano's counsel referred to the daughter as the "main witness," and to Maria as a "back-up witness." *See Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (finding no prejudice where excluded testimonies were "the same types of evidence" provided by other witnesses). Because Zuniga-Lozano and his daughter testified, the exclusion of Maria's testimony did not "prevent[] [him] from reasonably presenting his case." *See Vilchez*, 682 F.3d at 1199.

Zuniga-Lozano contends that had Maria testified, she could have corroborated his testimony, which could have affected the adverse credibility finding against him. That argument ignores, however, that the IJ based Zuniga-Lozano's adverse credibility finding on contradictions between his and his daughter's testimonies. Those contradictions would exist even if Maria had testified so the adverse credibility finding against Zuniga-Lozano was not affected by the exclusion of Maria's testimony. *See id*.

**PETITION DENIED.**[1]

---

[1] Zuniga-Lozano's motion for stay of removal, Dkt. No. 1, is denied.